**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Christopher Cardani
Assistant U.S. Attorney
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 16, 2026

Ryan Costello, AFPD
Public Defender's Office
Portland, Oregon
Ryan_Costello@fd.org

Re: *United States v. Brian K. Kapileo Nepaial*, Case No. 3:25-cr-00524-AN
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One, which charges Aiming a Laser Pointer at an Aircraft in violation of Title 18, United States Code, Section 39A, and Count Two, which charges Possession with Intent to Distribute Methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1) & 841(b)(1)(B)(viii).

3. **Penalties**: The maximum sentence on Count One is 5 years imprisonment, a $250,000 fine, a term of supervised release up to three years and a $100 fee assessment. The maximum sentence on Count Two is 40 years imprisonment, a mandatory minimum sentence of 5 years imprisonment, a $5,000,000 fine, up to 5 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment the government must prove the following elements and facts beyond a reasonable doubt:

**Aiming Laser Beam at an Aircraft**

First, on or about October 3, 2025 defendant aimed the beam of a laser at the flight path of an aircraft in the special jurisdiction of the United States, which includes any aircraft in flight in the United States;

Second, he did so knowingly.

**Possession with the Intent to Distribute Methamphetamine**:

First, on or about October 3, 2025 defendant possessed a mixture or substance containing a detectable amount of methamphetamine, a schedule I controlled substance;

Second: Defendant possessed the methamphetamine knowingly or intentionally; and

Third: Defendant intended to possess with the intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

**Factual Summary**:

On October 3, 2025, an unknown individual later identified as defendant used a green laser to intentionally strike an airborne helicopter that was a Customs and Border Protection (CBP) helicopter which was about to land at an airport in Hillsboro, Oregon. The laser strike lit up the cockpit and the eyes of one member of the flight crew. This caused the flight crew to abort their planned landing. The flight crew then circled the area from where the green laser beam was emanating and took camera footage from the area of the strike. The individual continued to strike the aircraft with the laser. Defendant's laser strikes recklessly endangered the safety of the aircraft and crew.

After the laser strikes, the crew observed the individual approaching a residence in Aloha, Oregon. Agents obtained a federal search warrant for the residence. On the third floor there was a locked bedroom door. The door had to be breached and an individual later identified as defendant was discovered inside a bathroom only accessible from that bedroom. On a nightstand next to the bed inside the bedroom agents discovered in plain view a laser device. On the bed, agents observed a bag containing a small amount of a white granular substance later

determined to be methamphetamine. Also on the bed was an Oregon driver's license in the name of Brian Keith Kapileo Nepaial.

Defendant was placed in handcuffs and read his Miranda rights. Defendant agreed to answer questions. During questioning, defendant admitted that the device in his bedroom was his, and that he had purchased it recently through the internet. He admitted using the laser on October 3, 2025, and striking what he said was "an aircraft." He said he was outside smoking, had the laser in his pocket, heard or saw an aircraft, and then removed the laser from his pocket and shined it at the aircraft. He said that after striking the aircraft with the laser, he went back inside his house and went to sleep. After being shown a picture of the seized device found on his bedstand, defendant admitted that it was his and that he used it to strike the aircraft.
During a further search of defendant's bedroom, agents found a "sling bag" underneath the defendant's bed. Within that "sling bag," agents found drug packaging items, and multiple smaller plastic bags, each filled with approximately one gram of methamphetamine. Defendant confirmed the drugs were his, and that he sold the smaller bags of methamphetamine for $50 each. The total amount of methamphetamine seized from defendant was 129 grams.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits that the facts described in this agreement are accurate.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Base Offense Level and Career Offender Status**:

For Count 1, the parties agree that defendant's base offense level is 18 under U.S.S.G §2A5.2(a)(2) (reckless endangerment of the safety of an aircraft).

For Count 2, the parties agree that defendant's criminal history qualifies him as a Career Offender pursuant to U.S.S.G §4B1.1 and §4B1.2, and that based on the amount of methamphetamine involved, his base offense level is 34, prior to adjustments. USSG §4B1.1(b)(2).

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves

the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

11. **"Safety Valve" Adjustment**: Defendant agrees he does not meet the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence.

12. **Variance Under 18 U.S.C. § 3553(a)**: The government agrees to recommend a variance under 18 U.S.C. § 3553(a) to a government recommendation of 120 months imprisonment for pre-indictment resolution, early acceptance, and other factors unique to this case.

13. **Sentencing Recommendation**: The government will recommend a sentence at the low end of the applicable Sentencing Guidelines range (expected to be 120 months). Defendant may argue for any lawful sentence but not below the mandatory minimum sentence of 60 months.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15. **Court Is Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign, and attach the original of this letter to the Petition to Enter Plea.

19. **Acceptance Deadline**: Defendant must accept the plea agreement in writing by 5:00 p.m. on April 30, 2026 and deliver it to the USAO.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Christopher Cardani*
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/27/26
Date

Brian K. Kapileo Nepaial
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/27/26
Date

Ryan Costello
Attorney for Defendant